UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL P., a minor, by and through his mother, Elizabeth A.,<br><br>Plaintiff,<br><br>v.<br><br>EAST STROUDSBURG AREA SCHOOL DISTRICT,<br><br>Defendant. | CIVIL ACTION NO. 3:21-cv-00902<br><br>(SAPORITO, M.J.) |

# MEMORANDUM

This matter is before the court on the motion to dismiss (Doc. 13) filed by the defendant, East Stroudsburg Area School District (the "District"). The plaintiffs, Michael P., a minor with disabilities, and his parent and natural guardian Elizabeth A., filed this action against the District on May 18, 2021. In their complaint, the plaintiffs bring federal claims under § 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.,* state-law negligence and recklessness claims, and a state-law breach of fiduciary duty claim. (Doc. 1).

In their opposition brief, the plaintiffs have expressly conceded the dismissal of their recklessness subclaim within Count III pursuant to the

willful conduct exception of the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. Const. Stat. Ann. § 8542, their requests for punitive damages within all counts, and their breach of fiduciary duty claim set out in Count IV. (Doc. 15-1, at 1). Those claims and the District's motion to dismiss regarding those claims and the plaintiffs' request for punitive damages within all counts will be granted. For the reasons set forth herein, the District's motion to dismiss regarding the RA claim in Count I, the ADA claim in Count II, and the negligence and recklessness claims in Count III will be denied.

## I.   *Statement of Facts*

The plaintiffs' complaint alleges that, on June 5, 2019, the plaintiff, Michael P., a minor with disabilities including down syndrome and a first-grade student of the District, sustained injuries upon his arrival at school. (Doc. 1 ¶ 2). They have alleged that the bus driver opened the door before Michael P.'s aide was ready and attentive and Michael P. threw himself off the bus steps, landing face-first on the pavement, causing a traumatic brain injury, a brain hemorrhage, an orbital fracture, frontal bone (forehead) fracture, long term behavior changes, long term post-concussion syndrome, and other injuries with

long term consequences. (*Id.* 1 ¶¶ 1-3). Michael P. is no longer enrolled as a student of the District. (*Id.* ¶ 12). Michael P., an eligible student under the Individuals with Disabilities Education Act, 42 U.S.C. § 1400 *et seq.*, was subject to an Individualized Education Program ("IEP") with a disability category of Intellectual Disability. (*Id.* ¶ 13). The complaint further alleged that Michael P. is almost completely non-verbal, he has a limited ability to understand and express language, he is sensitive to noise, he lacks regard for his own safety, and he has a history of dangerous elopement, including running off the school bus, all of which resulted in the District agreeing in the IEP to provide specialized transportation in assisting him getting on and off the school bus and a driver who would not open the bus door until Michael P.'s aide was ready to assist him. (*Id.* ¶ 14).

On June 5, 2019, the District operated a school bus with Michael P. on board. (*Id.* ¶ 15). The plaintiffs allege that the District's bus driver and Michael P.'s aide, a District employee, knew or should have known of Michael P.'s disabilities and transportation safety needs including dangerous issues with elopement, on that date. (*Id.* ¶¶ 19-22).

## II. Legal Standard

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.,* 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegations." *Morrow v. Balaski,* 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevy*, 481 F.3d 187, 195 (3d Cir. 2007). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which

the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588-89 (W.D. Pa. 2008).

### *III.   Discussion*

The complaint is comprised of four Counts. In Count I, the plaintiffs assert a claim based upon § 504 of the RA. In Count II, they assert a claim under the ADA. In Count III, they allege state-law claims for negligence and recklessness. Finally, in Count IV, they bring a state-law claim for breach of fiduciary duty. The District has moved to dismiss this action. As indicated above, the plaintiffs concede the dismissal of their recklessness subclaim within Count III pursuant to the willful conduct exception of the PSTCA, the plaintiff's requests for punitive damages within all counts, and the breach of fiduciary duty claim set out in Count IV.

The District argues that the RA and the ADA claims in Counts I and II, respectively, should be dismissed because they fail to demonstrate that the District denied Michael P. benefits of a program or was otherwise

subject to discrimination because of his disability, and that the plaintiffs failed to meet the deliberate indifference standard required to prove intentional discrimination, which is necessary to recover monetary damages. The District seeks dismissal of the negligence claim in Count III because it is barred by the PSTCA.

### A. The RA and ADA Claims

Section 504 of the RA provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Title II of the ADA states that: "no qualified individual with a disability shall by reason of such disability be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Claims under the ADA and the RA are generally subject to the same substantive standard. *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 260 (3d Cir. 2013); *Hewlette-Bullard ex rel. J.H-B. v. Pocono Mountain Sch. Dist.* 522 F. Supp. 3d 78, 103 (M.D. Pa. 2021). A student

alleging that he has been discriminated against by a school under the ADA and the RA must prove that he "(1) has a disability; (2) was otherwise qualified to participate in a school program; and (3) was denied the benefits of the program or was otherwise subject to discrimination because of [his] disability." *Chambers v. Sch. Dist. of Phila. Bd. of Educ.* 587 F. 3d 176, 189 (3d Cir. 2009). Although claims under the RA and the ADA are otherwise generally the same, the causation elements of the RA and the ADA differ in that the "RA allows a plaintiff to recover if he or she were deprived of an opportunity to participate in a program *solely* on the basis of disability, while the ADA covers discrimination on the basis of disability, even if there is another cause as well." *CG v. Pa. Dep't. of Educ.,* 734 F.3d 229, 235-36 (3d Cir. 2013) (emphasis added). Both statutes require plaintiffs to prove "that they were treated differently based on the protected characteristic, namely the existence of their disability." *Id.* at 236. A claim under the RA also requires that the school or board of education receives federal financial assistance. *A.C. v. Scranton Sch. Dist.*, 191 F. Supp. 3d 375, 389 (M.D. Pa. 2016).

To obtain compensatory monetary damages under § 504 of the RA and the ADA, however, the Third Circuit requires a plaintiff to prove

intentional discrimination. *S.H.* F.3d at 261. The Third Circuit has also held that "a showing of deliberate indifference may satisfy a claim for compensatory damages under § 504 of the RA [and the ADA]. *S.H.* 729 F.3d at 263; *D.E. v. Cent. Dauphin Sch. Dist.,* 765 F.3d 260, 269 (3d Cir. 2014). The Third Circuit Court in *D.E.* stated:

> To satisfy the deliberate indifference standard, a plaintiff "must present evidence that shows both: (1) knowledge that a federally protected right is substantially likely to be violated. . ., and (2) failure to act despite that knowledge." *Id.* at 265 (citing *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001)). "Deliberate indifference does not require a showing of personal ill will or animosity toward the disabled person." *Id.* at 263 (quoting *Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011) (internal quotation marks omitted)). It does, however, require a "deliberate choice, rather than negligence or bureaucratic inaction.' "*Id.* (*quoting Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 276 (2d Cir. 2009)).

765 F.3d, at 269

The District contends that the plaintiffs failed to allege causes of action under the RA and the ADA because the complaint fails to demonstrate that the District denied Michael P. benefits of a program, or that he was otherwise subject to discrimination because of his disability. Also, the District asserts that the plaintiffs failed to meet the deliberate indifference standard required to prove intentional discrimination.

The plaintiffs argue that the allegations of the complaint sufficiently allege that Michael P. was denied benefits *because* of his disability.

The complaint alleges that the District provided Michael P. with an IEP for "specialized transportation that he needs, specifically an aide to help him get on and off his school bus and a driver who would not open the bus door until the aide was ready to assist Michael." (Doc. 1 ¶¶ 13-14). The plaintiffs maintain that under the RA, a plaintiff need only plead that the student was placed in peril because of his disability. They rely upon *Adam C. v. Scranton Sch. Dist.*, Civ. Action No. 3:07-cv-532, 2011 WL 996171, at *4 (M.D. Pa. Mar. 17, 2011). *Adam C.* does not stand for the legal assertion for which it is cited. Rather, in *Adam C.* the court denied the defendant's *motion for summary judgment* because the plaintiff was *part of a class* that is discriminated against because of disability. *Id*. (Emphasis added).

In the complaint, regarding the RA count, the plaintiffs allege that the District received federal financial assistance, Michael P. was a handicapped person under Section 504, the District knew of Michael P.'s disability, and it discriminated against him on the basis of his disability

9

and denied him the equal benefits of his transportation program by failing to provide him with safe and properly supervised transportation. (Doc. 1 ¶¶ 39, 41-43). In addition, the plaintiffs alleged that the District owed Michael P. the benefit of an appropriate and properly supervised transportation program under Section 504, and it violated Section 504 by denying Michael P. the benefits of his transportation program and failing to provide him with safe and appropriate transportation free from injury and bodily harm, whether at the hands of his caregivers or through their neglect and indifference. (*Id.* ¶¶ 47-48). They also allege that the District discriminated against Michael P. on the basis of his disability by failing to provide him with a safe and properly supervised transportation program, causing his injuries and as a direct and proximate result thereof, Michael P. was injured. (*Id.* ¶¶ 49-50).

With respect to the ADA claim, similarly, the plaintiffs have alleged that the District violated the ADA and denied Michael P. the benefits of his transportation program by failing to provide him with a safe and appropriate transportation free from injury and bodily harm and that its conduct constituted a conscious disregard for and deliberate indifference to Michael P.'s rights under the ADA to a safe, appropriate, and properly

supervised transportation program thereby resulting in his damages as described in the complaint. (*Id.* ¶¶ 60-63). The District's reliance upon *M.J.G. v. Sch. Dist. of Philadelphia,* 774 Fed. App'x 736 (3d Cir. 2019), is procedurally misplaced. In *M.J.G.*, the court, in ruling on the defendant's *motion for summary judgment*, held that no reasonable juror could conclude that the defendants were deliberately indifferent after examining the evidence submitted. Here, we are tasked with examining only the well-pleaded factual allegations of the complaint, which we must accept as true. We find these allegations are sufficient to defeat the District's motion to dismiss and therefore, the motion to dismiss the plaintiffs' RA and ADA claims shall be denied. A decision to the contrary is better left to a determination after a more complete factual record is established.

### B. The Negligence and Recklessness Claim.

In Count III, the plaintiffs allege that the District and its employees had a duty, under applicable law, to appropriately supervise and transport Michael P. safely, free from unreasonable and foreseeable risks of harm; to hire, train, and supervise employees that would transport him safely; and to refrain from taking unreasonable actions that would cause

11

him injury. (*Id.* ¶ 66). They further allege that the District breached its duties, and its negligence caused injuries to Michael P. (*Id.* ¶¶ 68-70).

Here, the District asserts that the PSTCA bars their negligence claims. It argues that the "vehicle liability" exception under 42 Pa. Cons. Stat. Ann. § 8542(b)(1) does not apply because Michael P.'s injuries did not arise from the *operation* of the bus. The vehicle liability exception provides that liability may be imposed on a local agency where injury is caused by the "operation of any motor vehicle in the possession or control of the local agency." 42 Pa. Cons. Stat. Ann. § 8542. The District relies upon *Thomas v. Harrisburg City Police Dept.,* Civil Action No. 1:20-cv-01178, 2021 WL 694807, at *10 (M.D. Pa. Feb. 23, 2021), where our court held that the vehicle exception does not apply where an individual was *safely* transported in a vehicle only to *later* suffer a medical emergency.

The plaintiffs rely upon *Balentine v. Chester Water Authority,* 191 A.3d 799 (Pa. 2018). In *Balentine,* the Pennsylvania Supreme Court defined the "operation of a vehicle" as "a continuum of activity . . . which entails a series of decisions and actions taken together which transports the individual from one place to another. The decisions of where and whether to park, where and whether to turn, whether to engage brake

lights, whether to use appropriate signals, whether to turn lights on or off, and the like, are all part of the 'operation' of a vehicle." *Id.* at 810.[1]

In so ruling in *Balentine*, the Court overruled *Love v. City of Philadelphia,* 543 A.2d 531 (Pa. 1988), and abrogated thirty years of jurisprudence regarding a narrow definition of "operation" under 42 Pa. Cons. Stat. Ann. § 8542(b)(1). In *Love*, the driver of the van would assist the plaintiff, who was blind in one eye and had limited vision in the other eye, on and off the van. There, the plaintiff fell while exiting a van owned by the City of Philadelphia. The *Love* court held that the act of entering into or alighting from a vehicle does not constitute the "operation" of a motor vehicle under 42 Pa. Cons. Stat. Ann. § 8542(b)(1). *Love,* 543 A.2d at 532. In overruling *Love,* the Court observed that this newly-adopted definition of "operation" under the statute "avoids the illogical results that have flowed from the emphasis on motion in *Love* and its progeny." *Balentine*, 191 A.3d at 810. Accordingly, we find that, as pleaded, the

---

[1] In *Balentine*, the Pennsylvania Supreme Court adopted the definition of "operation" as previously articulated by former Justice Sandra Schultz Newman in a dissenting opinion in *Warrick v. Pro Cor Ambulance, Inc.*, 739 A.2d 127 (Pa. 1999) (Newman, J., dissenting).

13

complaint alleges a cause of action for negligence under the vehicle liability exception to governmental immunity.

An appropriate order follows.

*<u>Joseph F. Saporito, Jr.</u>*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: September 20, 2022

14